**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANNESSA LUU, | No. 13-15118 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-02133-EJD |
| v. | |
| HEWLETT-PACKARD COMPANY, a Delaware corporation, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Vannessa Luu appeals the district court's grant of summary judgment to

Hewlett-Packard Company on her California and federal law retaliation claims.

We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Reviewing de novo, *Ray v. Henderson*, 217 F.3d 1234, 1239 (9th Cir. 2000), we conclude that the evidence presented to the district court was sufficient to establish "a causal link between" her protected activities and her termination. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Under both federal and California law, a prima facie case can be established by "circumstantial evidence, such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) (alteration in original) (internal quotation marks and citation omitted); *accord Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69-70 (2000).

Luu's declaration states that she lodged complaints with her supervisors about gender discrimination, racial discrimination, and accounting irregularities shortly before Hewlett-Packard terminated her employment. In light of the close proximity between these claims and the termination, these allegations are sufficient to establish a prima facie case of wrongful termination. *See Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003) (noting that, "[d]epending on the circumstances," an adverse employment action "three to eight months" after the

2

employee engaged in a protected activity "is easily within a time range that can support an inference of retaliation").

The district court correctly concluded, however, that Luu failed to demonstrate a genuine dispute of material fact as to whether Hewlett-Packard's "legitimate, nondiscriminatory reason[s]" for her termination were "pretext." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1973).  The record developed in the district court does not include "specific and substantial circumstantial evidence" that Hewlett-Packard's "true cause for firing [Luu] was unlawful retaliation."  *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (internal quotation marks and citation omitted).

**AFFIRMED.**